FILED

10 MAY 14 PM 12:30

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN WOODALL, CDCR #F-91270,<br><br>                                   Plaintiff,<br><br>vs.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, et al.,<br><br>                                   Defendants. | Civil No.   01cv0180 BTM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE** |

   Shawn Woodall ("Plaintiff"), a state inmate currently incarcerated at the R. J. Donovan Correctional Facility, initially filed this action on January 31, 2001. The Court dismissed the action because Plaintiff failed to pay the initial civil filing fee or move to proceed *In Forma Pauperis* ("IFP"). *See* Apr. 17, 2001 Order at 4-5. In addition, the Court informed Plaintiff that his Complaint failed to state a § 1983 claim. *Id.* at 2-3.

   On May 4, 2010, more than nine years after he initiated this action, Plaintiff has filed a "Motion to Reopen Case Pursuant to Rule 15, or in the Alternative, Motion to Vacate Order of Dismissal Pursuant to Rule 60(b)" [Doc. No. 4].

///

Plaintiff contends that he never received a copy of the Court's Order of dismissal but he understands that it has constituted a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See* Pl.'s Mot. at 3-4. As a result, he has been unable to proceed *in forma pauperis* in other cases. Thus, he seeks an Order from this Court allowing him to re-open this case and file an Amended Complaint to correct whatever problems the Court addressed in the dismissal Order dated April 17, 2001. *Id.*

A review of the Court's docket indicates that Plaintiff failed to inquire as to the status of his case until this Motion was filed nine years later. In addition, Plaintiff admits that he was aware of the Court's dismissal in this case when he had other civil actions dismissed in 2002 and 2007. (*See* Pl.'s Mot. at 4-5.) A motion brought pursuant to FED.R.CIV.P. 60 seeking relief from a Court's Order requires that such a motion "must be made within a reasonable time," and for reasons set forth in Plaintiff's Motion, "no more than a year after the entry of judgment or order or date of the proceeding." FED.R.CIV.P. 60(c)(1). Plaintiff's current Motion far exceeds the time permitted by Rule 60. Thus, the Court DENIES Plaintiff's Motion to Reopen the Case.

The Clerk of Court is directed to enter a final judgment and dismiss this action without prejudice.

**IT IS SO ORDERED**

DATED: May 14, 2010

HON. BARRY TED MOSKOWITZ
United States District Judge